THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE SAN SOUCI, Appellant.

First Department, June 29, 1965.

*James J. Leff* for appellant.

*Robert B. Sperling* of counsel (*II. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* The critical issue on this appeal is whether a defendant's right to counsel in a criminal prosecution is so absolute that it persists even when it is asserted to procure interminable delay in bringing the prosecution to a conclusion. More specifically, could the appellant herein delay sentencing by either neglecting to have his counsel present on the day of sentencing or stating he had a new one and did not know where he was.

In our opinion, the Trial Justice properly sentenced the appellant, and the judgment of conviction should be affirmed.

On July 29, 1963, appellant — who had a record of juvenile delinquency — pleaded guilty to attempted grand larceny, second degree, under an indictment charging the theft of an automobile. His plea covered two other indictments, returned against him that same year, charging him with assault and robbery, first degree. At the time of the plea, appellant was represented by Herbert Adlerberg, Esq. Sentence was deferred to September 16, 1963. On that date, upon the plea of his attorney, appellant was continued under the supervision of the Probation Department and sentence was further deferred until April 20, 1964.

On February 18, 1964, appellant was brought before the court charged with a violation of his probation. He then appeared with a new attorney, James Chambers, Esq. In the interim, on October 31, 1963, appellant had been indicted for the theft of another automobile — which occurred two days after he had been placed under the supervision of the Probation Department. On this latter indictment, appellant had pleaded guilty to the crime of petit larceny on January 28, 1964 and that sentence was also set for April 20, 1964.

On the arraignment for violation of probation, the court again deferred sentence, this time to August 17, 1964. The appellant was continued in the custody of the Probation Department to afford him the opportunity to marry a 16-year-old girl who was pregnant by him. On June 18, 1964, appellant was arrested on an additional felonious assault charge, on which he was released on $1,500 bail.

The record indicates that the appellant next was arraigned for sentencing on September 11, 1964. On the first call of the calendar, appellant said that Mr. Adlerberg was his attorney. When the case was called for the second time, appellant claimed he now had a new lawyer, Samuel L. Kufflick, Esq.— who had filed no notice of appearance and to whom the defendant had paid no fee. The court, after communicating with Mr. Kufflick's office to no avail, waited an hour for Mr. Kufflick to appear, and when he did not, the court arraigned appellant, questioned him about his employment and about his failure to marry the 16-year-old mother of his child, and then sentenced him, in the absence of counsel, to Elmira Reformatory pursuant to article 3-A of the Correction Law. It should be noted that the sentencing took place in Part 40 of the court to which the Justice had come, after having left another assignment in the court, for sentencing purposes.

Unquestionably, the constitutional right to counsel includes the right to be represented by an attorney at the time of the imposition of sentence. (*Berry* v. *New York,* 375 U. S. 160; *People* v. *Hannigan,* 7 N Y 2d 317.) However, this right imports a correlative duty on the part of a defendant not to pervert that right as a means to impede or frustrate the administration of criminal justice.

The argument that the Justice could have remanded the appellant and relied on the eventual arrival of his attorney is not without merit. However, in this instance, there was ample basis for the Justice to infer that the appellant was simply engaging in either a delaying manipulation or was attempting to accomplish some unknown objective by the substitution of attorneys. In these circumstances, we will not hold that the sentencing Justice erred in refusing to wait for appellant's new attorney— assuming there was one.

The right of counsel at every stage of a criminal proceeding is, of necessity, subject to the rule of reason. A defendant requesting assigned counsel is not entitled to one he names. Neither is he entitled to have his assigned counsel with. him 24 hours a day. Nor may any defendant use this right to oblige.(retained or assigned) counsel to concoct a defense or suborn perjury

for him. Neither may it be used for tactical maneuvering to avoid or postpone trial or sentence by requesting a substitution on the eve of trial or sentence or during a trial itself. In sum, the right to counsel does not carry with it a privilege unreasonably to use it to thwart or pervert the administration of criminal justice. The trial court herein properly proceeded to sentence the defendant after communicating with the attorney's office to no avail and after waiting more than a reasonable time for counsel to appear. We can perceive no adequate basis for a remand of the matter for resentencing.

EAGER, J. (dissenting). The judgment of conviction should be reversed and the defendant remanded for resentencing.

On September 16, 1963, the defendant pleaded guilty to the crime of attempted grand larceny in the second degree covering an indictment filed on April 16, 1963. Later, on January 28, 1964, he pleaded guilty to petit larceny to cover indictments filed in October, 1963. Following three adjournments for sentencing, the defendant was finally arraigned for sentencing on September 11, 1964. He stated that he retained a new lawyer and expected him to appear, giving the court the name (this was his third lawyer), but admitted that he had not paid the new lawyer. The court, however, after stating that he had been waiting an hour for the lawyer, without any assurance that he would appear that morning, proceeded to pass sentence without assigning an attorney to represent the defendant. The court stated: "Now I am not going to wait any longer for him. What is it you want to say or do you have anything to say? Speak." The defendant replied: "I just wish you would give me just a little bit more time so that I can get the lawyer. I know nothing to say." Then after further colloquy, including the questioning of defendant by the court, the court sentenced the defendant to confinement in a State institution under the jurisdiction of the Department of Correction for an indefinite term. The Clerk reminded the court that the defendant had not been formally arraigned, and then, upon the Clerk asking the defendant if he "had any legal cause to show why the judgment of the court should not now be pronounced against you according to law", the defendant reiterated that he "would like to speak to my lawyer".

It is the undoubted constitutional right of a defendant to be represented by an attorney at the time of the imposition of sentence (*Berry* v. *New York,* 375 U. S. 160) and under New York law, it has long been settled that the defendant has the right to such representation. (*People* v. *Hannigan,* 7 N Y 2d

317; *People* v. *Page,* 17 A D 2d 782; *People* v. *Di Salvo,* 19 A D 2d 747; *People* v. *Callahan,* 19 A D 2d 585.)

Under the circumstances, the defendant did not waive his right to have representation of counsel to assist him at time of sentencing. He was insisting on counsel; and, perhaps, on proper explanation by the court, would have accepted the benefit of assigned counsel. Even the District Attorney concedes (and I quote from his brief): '' the record in the instant case clearly indicates that the appellant repeatedly asked the court to delay sentence until his attorney arrived to speak in his behalf. No case has been discovered which would lend support to the assertion that under the circumstances of the instant case the appellant has waived his right to counsel.''

Under the circumstances, I see no alternative but to reverse and remand the case for resentencing.

BOTEIN, P. J., BREITEL, VALENTE and STEUER, JJ., concur in *Per Curiam* opinion; EAGER, J., dissents in opinion.

Judgment of conviction affirmed.